FRANK SAUMBY, an Infant, by KATE SAUMBY, his Guardian ad litem, Respondent, v. THE CITY OF ROCHESTER, Appellant.

72  489
145a  81

*Negligence — personal injury — open sewer manhole in a city street — sufficiency of the notice of claim.*

In an action brought against a city to recover damages for a personal injury alleged to have been occasioned by the negligence of the city in permitting a sewer manhole, between the sidewalk and the curb, to remain uncovered, the evidence showed that the injury occurred at dusk on a summer evening when, the attention of the plaintiff being attracted by a crowd of people in the street, he stepped from the sidewalk into the manhole.

*Held*, that the conclusion was warranted from the evidence that the manhole was left open that evening; that the defendant was chargeable with negligence in that respect; and that the plaintiff's injury was the consequence of that negligence and was caused without any negligence on his part.

The charter of the city of Rochester (Laws of 1890, chap. 561, § 18) provides that no unliquidated claim or demand shall be received for audit by the common council "unless made out in detail," and if for damages, stating "when, where and how occasioned," and that no action to enforce any claim against the city shall be brought until the expiration of forty days after the claim shall have been presented for audit "in the manner and form aforesaid." The notice of claim presented by the plaintiff was as follows : "The City of Rochester, N. Y., To Frank Saumby, Dr   To damages for injuries sustained by said Frank Saumby on the 5th day of August, 1890, owing to the negligence of said city in leaving unprotected a sewer opening on the east side of Chatham street, near the southern corner of Holland street, into which opening said Frank Saumby fell, $1,000."

*Held*, that this was a substantial compliance with the statute.

. APPEAL by the defendant, the city of Rochester, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of that county on the 10th day of May, 1893, upon the verdict of a jury, and also from an order made on the 5th day of May, 1893, denying the defendant's motion for a new trial made upon the minutes.

Section 80 of the charter of the city of Rochester, as amended by section 18 of chapter 561 of the Laws of 1890, provides that "no unliquidated claim or demand shall be received for audit [by the common council] unless made out in detail   *   *   *   and if for damages for wrong or injury, or negligence, when, where and how occasioned.  *   *   *   No action or proceeding to recover or enforce

any claim, debt or demand against the city shall be brought until the expiration of forty days after the claim, debt or demand shall have been presented to the common council for audit in the manner and form aforesaid."

The notice of claim presented by the plaintiff was as follows :

" THE CITY OF ROCHESTER, N. Y.,

" To *Frank Saumby*, Dr.

" To damages for injuries sustained by said Frank Saumby on the 5th day of August, 1890, owing to the negligence of said city in leaving unprotected a sewer opening on the east side of Chatham street, near the southern corner of Holland street, into which opening said Frank Saumby fell, $1,000."

*Abraham Benedict*, for the appellant.

*P. Chamberlain, Jr.*, for the respondent.

BRADLEY, J. :

The plaintiff sustained a personal injury by stepping into a manhole of a lateral sewer on the east side of Chatham street and near the corner of that and Holland street, in the city of Rochester. He charges that the injury was occasioned by the negligence of the defendant in that the hole was permitted to remain uncovered. This injury occurred just at dusk in the evening of August 5, 1890, when the attention of the plaintiff was attracted by a crowd of people in the street ; he stepped from the sidewalk into the manhole, which was between the sidewalk and the curb. The conclusion was warranted from the evidence that the manhole was left open that evening ; that the defendant was chargable with negligence in that respect, and that the plaintiff's injury was the consequence of that negligence, and was caused without any negligence on his part.

The question of the sufficiency of the notice of claim is raised by the defendant's counsel.

Upon that subject, it appears that the plaintiff's claim was presented to the common council upwards of forty days before the action was commenced, and that in due time notice of intention to commence it, etc., was filed with the city attorney. The notice of claim in its statement, presentation and service was a substantial compliance with the statute. (Laws 1890, chap. 561, § 18.)

The evidence presented questions of fact for the consideration of the jury, and was sufficient to fairly permit inferences in support of all that was essential to the recovery of the plaintiff.

None of the exceptions to the refusal to charge as requested were well taken. The court had fully charged the jury upon the matters for their consideration, and submitted to them the questions of fact arising upon the evidence. There was no error in any of the rulings on the trial.

The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.